UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

KENDELLE STEVENSON,

                              Plaintiff,

                  -against-

Police Officer OLDSON AJESULAS, Shield No.
13641; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

----------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

14 CV 3144

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and

1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Kendelle Stevenson ("plaintiff" or "Mr. Stevenson") is a resident of Cattaraugus County in the State of New York.

7.      Defendant Police Officer Oldson Ajesulas, Shield No. 13641 ("Ajesulas"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Ajesulas is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 11:00 p.m. on March 30, 2013, Mr. Stevenson was lawfully present in the vicinity of 67-30 Parsons Boulevard in Queens, New York.

12.     Plaintiff observed some of the defendant police officers assaulting his cousin, who was in handcuffs.

13.     Plaintiff asked the officers, from a reasonable distance, in sum and substance, why they were beating his cousin while he was handcuffed.

14.     Although plaintiff was a reasonable distance away, a defendant officer yelled at him to get back.

15.     Plaintiff immediately complied, stepping backwards with his hands up.

16.     As Mr. Stevenson was backing up, one of the defendants approached him swinging a baton.

17.     Officers began to chase after Mr. Stevenson, who was frightened.

18.     The officers caught Mr. Stevenson and viciously assaulted him.

19.     Mr. Stevenson was falsely arrested and taken to a police precinct.

20.     At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff obstruct governmental administration and resist arrest.

21.     At no point did the officers observe plaintiff commit any crime or offense.

22.    Plaintiff was taken by ambulance from the precinct to Queens Hospital Center, where he was diagnosed with a laceration to his forehead and CT testing was performed.

23.    Plaintiff was taken to a central booking facility and arraigned.

24.    At arraignment, the criminal charges were adjourned in contemplation of dismissal.

25.    After spending approximately twelve hours in custody, Mr. Stevenson was released.

26.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The individual defendants created false evidence against plaintiff.

38.    The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

39.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.    The individual defendants issued legal process to place plaintiff under arrest.

43.    The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

44.    The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

45.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

46.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      May 19, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*